Matter of Upia-Parham v Parham (2023 NY Slip Op 06747)

Matter of Upia-Parham v Parham

2023 NY Slip Op 06747

Decided on December 27, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 27, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
CHERYL E. CHAMBERS
HELEN VOUTSINAS
LAURENCE L. LOVE, JJ.

2022-05054
 (Docket No. V-5224-19)

[*1]In the Matter of Esther Upia-Parham, respondent, 
v
Vaughan T. Parham, appellant.

Leighton M. Jackson, New York, NY, for appellant.
David Laniado, Cedarhurst, NY, for respondent.
Marion C. Perry, New York, NY, attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Kings County (Nisha Menon, Ct. Atty. Ref.), dated June 23, 2022. The order, insofar as appealed from, after a hearing, in effect, granted so much of the mother's petition as was for sole legal custody of the parties' child.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The parties are the parents of one child, born in 2016. In February 2019, the mother filed a petition, inter alia, for joint legal custody of the child. Thereafter, the mother amended the petition so as to seek sole legal custody of the child. After a hearing, the Family Court awarded the mother sole legal and physical custody of the child, with parental access to the father. The father appeals from so much of the order as awarded sole legal custody to the mother.
"In a child custody dispute, the court's paramount concern is to determine, under the totality of the circumstances, what is in the best interests of the child" (Matter of Soto v Marrero, 214 AD3d 814, 815; see Eschbach v Eschbach, 56 NY2d 167, 171; Matter of Martinez v Driscoll, 209 AD3d 653, 654). "In determining the child's best interests, the court must consider, among other things, '(1) which alternative will best promote stability; (2) the available home environments; (3) the past performance of each parent; (4) each parent's relative fitness, including his or her ability to guide the child, provide for the child's overall well being, and foster the child's relationship with the noncustodial parent; and (5) the child's desires'" (Matter of Soto v Marrero, 214 AD3d at 815, quoting Matter of Brisard v Brisard, 211 AD3d 838, 838; see Matter of Copeland v Brown, 189 AD3d 1396, 1397). "'Since the Family Court's determination with respect to custody and parental access depends to a great extent upon its assessment of the credibility of the witnesses and upon the character, temperament, and sincerity of the parties, its findings are generally accorded great deference and will not be disturbed unless they lack a sound and substantial basis in the record'" (Matter of Soto v Marrero, 214 AD3d at 815, quoting Matter of Langenau v Hargrove, 198 AD3d 650, 651-652; see Matter of Martinez v Driscoll, 209 AD3d at 655).
Here, the Family Court's determination that the child's best interests would be served by awarding the mother sole legal custody of the child has a sound and substantial basis in the record and will not be disturbed (see Matter of Soto v Marrero, 214 AD3d at 815; Matter of Martinez v Driscoll, 209 AD3d at 655).
DUFFY, J.P., CHAMBERS, VOUTSINAS and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court